UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DARYL THOMAS AGNEW, et al.**<br><br>Plaintiffs,<br><br>    v.<br><br>**GOVERNMENT OF THE DISTRICT OF COLUMBIA,**<br><br>Defendant. | **Civil Action No.: 15-340 (ABJ)** |

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE SECOND AMENDED
COMPLAINT AND TO FILE THIRD AMENDED COMPLAINT**

Plaintiffs Daryl Agnew, Alex Dennis, and Rayneka Williamson hereby respectfully move this

Court for leave to amend their Second Amended Complaint [19] by filing their Third Amended

Complaint.  Plaintiffs file as attachments hereto a clean copy of the proposed Third Amended

Complaint for filing and also for the convenience of the Court and the defendant a copy redlined to

show changes from the Second Amended Complaint [19].

     *1.*     *Procedural Posture*

Plaintiffs' Second Amended Complaint was docketed on 8/31/2015 [19].  Defendant District

of Columbia then filed a motion to dismiss on 9/15/2015 [20] and the parties fully briefed the

motion.  The Court held a hearing on the motion to dismiss on 8/11/2016.

### 2.   *Consent Sought But Not Obtained*

Plaintiffs per LCvR 7(m) asked defendant through counsel to consent to this motion and to

the filing of the Third Amended Complaint. Defendant does not consent.

### 3.   *Justice Requires Granting Leave to Amend the Complaint*

Rule 15 provides:

> In all other cases, a party may amend its pleading only with the opposing party's
> written consent or the court's leave. The court should freely give leave when justice
> so requires.

Fed. R. Civ. Proc. 15(a)(2).

The text of the rule itself provides that "leave shall be freely given when justice so requires."

Brink v. Cont'l Ins. Co., 787 F.3d 1120, 1128 (D.C. Cir. 2015) *citing* Fed.R.Civ.P. 15(a). The

Supreme Court has emphasized that an amendment should be granted unless there is a specific,

significant reason for denial:

> In the absence of any apparent or declared reason--such as undue delay, bad faith or
> dilatory motive on the part of the movant, repeated failure to cure deficiencies by
> amendments previously allowed, undue prejudice to the opposing party by virtue of
> allowance of the amendment, futility of amendment, etc.--the leave sought should, as
> the rules require, be freely given.

Foman v. Davis, 371 U.S. 178, 182 (1962) (internal quotation marks omitted); Krupski v. Costa

Crociere S. p. A., 130 S.Ct. 2485, 2496 (2010)(holding that even "plaintiff's dilatory conduct

can[not] justify the denial of relation back under Rule 15(c)(1)(C)").

Justice so requires granting plaintiffs' amendment and there is no specific, significant reason for denial.

Plaintiffs' proposed Third Amended Complaint makes three main changes.

First, Plaintiffs' proposed Third Amended Complaint "strips away" allegations relating to the claims and parties which plaintiffs previously dismissed by motion [22]. Order [23] granting Plaintiffs' motion to dismiss certain claims against the District, all claims against defendant Cathy L. Lanier, and dismissing Plaintiff Bugg Bey. Nat'l City Mortg. Co. v. Navarro[1], 220 F.R.D. 102, 106 (D.D.C. 2004)(granting unopposed motion to amend complaint that "strips away" issues that were no longer pending).

Second, the proposed Third Amended Complaint states with "greater precision" the factual allegations in support of Plaintiffs' claims by correcting certain allegations, adding certain allegations, and clarifying others. Navarro, 220 F.R.D. at 106 (granting unopposed motion to amend complaint that states damages with greater precision against two defendants).

Finally, the proposed Third Amended Complaint also clarifies that Named Plaintiffs only claim is that the District's "incommoding" statute is facially unconstitutional under the second prong of the vagueness doctrine, the arbitrary and discriminatory enforcement prong.

---

[1] The 2009 Amendments to Rule 15(a)(1) made certain changes regarding when amendments by right are allowed but those changes do not affect the rationale of the Navarro Court's rulings as they apply to plaintiffs' motion to amend because here plaintiffs are not amending by right.

The amendments are substantive; for example, this Court in <u>Navarro</u> granted plaintiff's motion to amend for several reasons including restated damages with greater precision against two defendants in a case with multiple defendants. <u>Navarro</u>, 220 F.R.D. at 106. Here, plaintiffs' proposed complaint not only corrects errors and restates factual allegations with greater precision but it also strips away claims which will reduce work for both the Court and the parties.

### 4. *Conclusion and Relief Sought*

For the reasons stated above, plaintiffs' motion should be granted.

| | |
|---|---|
| Respectfully submitted,<br><br>/s/ William Claiborne<br>William Claiborne<br>DC Bar # 446579<br>Counsel for Plaintiffs<br><br>2020 Pennsylvania Ave., NW<br>Suite 395<br>Washington, DC 20006<br>Phone 202/824-0700<br>Email claibornelaw@gmail.com | |