APPEAL,CLOSED,JURY,TYPE–L

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:15–cv–00340–ABJ</u>
### *Internal Use Only*

| | |
|---|---|
| AGNEW et al v. GOVERNMENT OF THE DISTRICT OF COLUMBIA et al | Date Filed: 03/09/2015 |
| Assigned to: Judge Amy Berman Jackson | Date Terminated: 06/26/2017 |
| Cause: 42:1983 Civil Rights Act | Jury Demand: Plaintiff |
| | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

**<u>Plaintiff</u>**

**DARYL THOMAS AGNEW**                represented by  **Lynn E. Cunningham**
LAW OFFICES OF LYNN E.
CUNNINGHAM
306 Westview Drive
Dubois, WY 82513–1547
(307) 431–4158
Fax: (307) 455–3334
Email: lcunningham@law.gwu.edu
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael P. Bruckheim**
LAW OFFICE OF MICHAEL
BRUCKHEIM, LLC
One Church Street
Suite 910
Rockville, MD 20850
(240) 753–8222
Fax: (240) 556–0300
Email: michael@brucklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William Charles Cole Claiborne , III**
717 D Street NW
Washington, DC 20004
(202) 824–0700
Email: clairbornelaw@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**RASHAD BUGG BEY**                represented by  **Lynn E. Cunningham**
*TERMINATED: 10/05/2015*                (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael P. Bruckheim**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William Charles Cole Claiborne , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALEX DENNIS**                    represented by   **Lynn E. Cunningham**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael P. Bruckheim**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William Charles Cole Claiborne , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**RAYNEKA WILLIAMSON**              represented by   **Lynn E. Cunningham**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael P. Bruckheim**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William Charles Cole Claiborne , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**GOVERNMENT OF THE DISTRICT**      represented by   **Esther Yong**
**OF COLUMBIA**                                      OFFICE OF THE ATTORNEY
GENERAL FOR THE DISTRICT OF
COLUMBIA
Civil Litigation Division

441 4th Street, NW
One Judiciary Square– 6th Floor South
Washington, DC 20001
(202) 442–9848
Fax: (202) 730–1875
Email: esther.mcgraw@dc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Martin Cumming**
OFFICE OF ATTORNEY GENERAL/DC
441 4th Street, NW
Suite 630 South
Washington, DC 20001
(202) 724–6627
Fax: (202) 715–7769
Email: gregory.cumming@dc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Caliandra Burstein**
OFFICE OF THE ATTORNEY
GENERAL FOR THE DISTRICT OF
COLUMBIA
441 4th Street, NW
Suite 630 South
Washington, DC 20001
(202) 727–6247
Fax: (202) 741–0579
Email: caliandra.burstein@dc.gov
*TERMINATED: 07/12/2016*

**Chad Wayne Copeland**
OFFICE OF THE ATTORNEY
GENERAL FOR THE DISTRICT OF
COLUMBIA
441 4th Street, NW
Suite 630 South
Washington, DC 20001
(202) 724–6623
Fax: (202) 741–8880
Email: chad.copeland@dc.gov
*TERMINATED: 12/11/2015*

**Gary Daniel Feldon**
UNITED STATES DEPARTMENT OF
JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Room 7132
Washington, DC 20530
(202) 514–4686

Fax: (202) 616–8460
Email: Gary.D.Feldon@usdoj.gov
*TERMINATED: 08/27/2015*

**Defendant**

**CATHY L. LANIER**                   represented by   **Chad Wayne Copeland**
*SUED IN OFFICIAL AND INDIVIDUAL*                     (See above for address)
*CAPACITIES*                                          *TERMINATED: 12/11/2015*
*TERMINATED: 10/05/2015*

                                                      **Gary Daniel Feldon**
                                                      (See above for address)
                                                      *TERMINATED: 08/27/2015*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/09/2015 | 1 | | COMPLAINT against All Defendants with Jury Demand ( Filing fee $ 400 receipt number 0090–4016235) filed by DARYL THOMAS AGNEW. (Attachments: # 1 Civil Cover Sheet, # 2 Summons)(Claiborne, William) (Entered: 03/09/2015) |
| 03/09/2015 | | | Case Assigned to Judge Amy Berman Jackson. (md, ) (Entered: 03/10/2015) |
| 03/10/2015 | 2 | | SUMMONS (3) Issued Electronically as to CATHY L. LANIER, District of Columbia Attorney General, and the District of Columbia Mayor. (rdj) (Entered: 03/10/2015) |
| 03/16/2015 | 3 | | NOTICE of Appearance by Lynn E. Cunningham on behalf of All Plaintiffs (Cunningham, Lynn) (Entered: 03/16/2015) |
| 03/17/2015 | 4 | | NOTICE of Appearance by Michael P. Bruckheim on behalf of All Plaintiffs (Bruckheim, Michael) (Entered: 03/17/2015) |
| 04/01/2015 | 5 | | CERTIFICATE OF SERVICE by DARYL THOMAS AGNEW *service on District of Columbia*. (Claiborne, William) (Entered: 04/01/2015) |
| 04/01/2015 | 6 | | CERTIFICATE OF SERVICE by DARYL THOMAS AGNEW *Chief Cathy Lanier*. (Claiborne, William) (Entered: 04/01/2015) |
| 04/02/2015 | | | ent (jf, ) (Entered: 04/02/2015) |
| 04/02/2015 | | | ent (jf, ) (Entered: 04/02/2015) |
| 04/06/2015 | 7 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the District of Columbia Attorney General. Date of Service Upon District of Columbia Attorney General 4/1/2015. Answer due for ALL D.C. DEFENDANTS by 4/22/2015. (Claiborne, William) (Entered: 04/06/2015) |
| 04/06/2015 | 8 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. All Plaintiffs (Claiborne, William) (Entered: 04/06/2015) |
| 04/06/2015 | 9 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. All Plaintiffs (Claiborne, William) (Entered: 04/06/2015) |
| 05/05/2015 | 10 | | NOTICE of Appearance by Gary Daniel Feldon on behalf of GOVERNMENT OF THE DISTRICT OF COLUMBIA, CATHY L. LANIER (Feldon, Gary) |

| | | |
|---|---|---|
| | | (Entered: 05/05/2015) |
| 05/05/2015 | 11 | Consent MOTION for Extension of Time to File Answer by GOVERNMENT OF THE DISTRICT OF COLUMBIA, CATHY L. LANIER (Copeland, Chad) (Entered: 05/05/2015) |
| 05/06/2015 | | MINUTE ORDER granting 11 Defendants' Motion for Extension of Time 11 . It is ORDERED that defendants shall respond to the complaint on or before May 29, 2015. Signed by Judge Amy Berman Jackson on 5/6/2015. (lcabj3) (Entered: 05/06/2015) |
| 05/06/2015 | | Set/Reset Deadlines: Defendants' Response to the Complaint is due by 5/29/2015.(jth) (Entered: 05/06/2015) |
| 05/29/2015 | 12 | MOTION to Dismiss, *MOTION to Stay* by GOVERNMENT OF THE DISTRICT OF COLUMBIA, CATHY L. LANIER (Attachments: # 1 Exhibit Docket for Mr. Agnew's Criminal Case, # 2 Exhibit Complaint in Mr. Bugg Bey's Superior Court Case, # 3 Exhibit Docket for Mr. Bugg Bey's Superior Court Case, # 4 Exhibit Council Report for Statute)(Copeland, Chad). Added MOTION to Stay on 5/29/2015 (jf). (Entered: 05/29/2015) |
| 05/29/2015 | | NOTICE OF ERROR re 12 Motion to Dismiss; emailed to chad.copeland@dc.gov, cc'd 10 associated attorneys –– The PDF file you docketed contained errors: 1. DONOT REFILE–Counsel is reminded to docket all parts of their motion (jf, ) (Entered: 05/29/2015) |
| 06/08/2015 | 13 | Consent MOTION to Stay *deadline to file class motion* by DARYL THOMAS AGNEW (Attachments: # 1 Text of Proposed Order)(Claiborne, William) (Entered: 06/08/2015) |
| 06/09/2015 | | MINUTE ORDER granting Consent Motion to Stay Time for Filing Motion for Class Action Treatment 13 . In light of the agreement of the parties, it is ORDERED that the time for plaintiff to file a motion for class action treatment is extended until further order of the Court. Signed by Judge Amy Berman Jackson on 6/9/2015. (lcabj3) (Entered: 06/09/2015) |
| 06/24/2015 | 14 | Consent MOTION for Extension of Time to *file amended complaint* by DARYL THOMAS AGNEW (Attachments: # 1 Exhibit amended complaint, # 2 Text of Proposed Order)(Claiborne, William) (Entered: 06/24/2015) |
| 06/25/2015 | | MINUTE ORDER granting 14 Plaintiff's Consent Motion for Enlargement of Time Nunc Pro Tunc. The Clerk is directed to file the amended complaint [Dkt. # 14–1] on the docket. It is FURTHER ORDERED that defendants' response to the amended complaint shall be due on or before August 10, 2015; that plaintiffs' opposition to any motion to dismiss shall be due on or before September 8, 2015; and that defendants' reply, if any, shall be due on or before September 29, 2015. Signed by Judge Amy Berman Jackson on 6/25/2014. (lcabj3) (Entered: 06/25/2015) |
| 06/25/2015 | | Set/Reset Deadlines: Defendants' Response to the Amended Complaint is due by 8/10/2015; Plaintiffs' Opposition to any Dispositive Motion is due by 9/8/2015; Defendants' reply, if any, is due by 9/29/2015. (jth) (Entered: 06/25/2015) |
| 06/25/2015 | 15 | AMENDED COMPLAINT against GOVERNMENT OF THE DISTRICT OF COLUMBIA, CATHY L. LANIER with Jury Demand filed by DARYL THOMAS AGNEW, RASHAD BUGG BEY, ALEX DENNIS, RAYNEKA |

| | | | |
|---|---|---|---|
| | | | WILLIAMSON.(jf) (Entered: 06/25/2015) |
| 08/10/2015 | 16 | | MOTION to Dismiss , MOTION to Stay re 15 Amended Complaint by GOVERNMENT OF THE DISTRICT OF COLUMBIA, CATHY L. LANIER (Attachments: # 1 Exhibit DC v Agnew Criminal Docket, # 2 Exhibit Bugg Bey v DC Civil Complaint, # 3 Exhibit Bugg Bey v DC Civil Docket, # 4 Exhibit DC v Dennis Criminal Docket, # 5 Exhibit DC v Williamson Criminal Docket, # 6 Exhibit DC Council Committee Report)(Copeland, Chad) (Entered: 08/10/2015) |
| 08/17/2015 | | | MINUTE ORDER. In light of 15 the amended complaint, it is ORDERED that 12 defendants' initial motion to dismiss, or in the alternative, to stay and dismiss is DENIED as moot. Signed by Judge Amy Berman Jackson on 8/17/2015. (lcabj3) (Entered: 08/17/2015) |
| 08/27/2015 | 17 | | NOTICE *of Withdrawal of Counsel* by GOVERNMENT OF THE DISTRICT OF COLUMBIA, CATHY L. LANIER re 10 Notice of Appearance (Feldon, Gary) (Entered: 08/27/2015) |
| 08/30/2015 | 18 | | Unopposed MOTION to Amend/Correct 15 Amended Complaint by DARYL THOMAS AGNEW (Attachments: # 1 Exhibit proposed second amended complaint, # 2 Exhibit proposed redlined second amended complaint, # 3 Text of Proposed Order)(Claiborne, William) (Entered: 08/30/2015) |
| 08/31/2015 | | | MINUTE ORDER. It is ORDERED that plaintiffs' 18 Unopposed Motion for Leave to Amend First Amended Complaint and to File Second Amended Complaint is GRANTED. The Clerk is directed to file the second amended complaint [Dkt. # 18−1] on the docket. It is FURTHER ORDERED that defendants' 16 Motion to Dismiss or, in the Alternative, Stay and Dismiss is DENIED as moot. Defendants may move to dismiss the second amended complaint in reliance on their prior motion if they so choose. Signed by Judge Amy Berman Jackson on 8/31/2015. (lcabj3) (Entered: 08/31/2015) |
| 08/31/2015 | 19 | | SECOND AMENDED COMPLAINT against GOVERNMENT OF THE DISTRICT OF COLUMBIA, CATHY L. LANIER with Jury Demand filed by DARYL THOMAS AGNEW, RAYNEKA WILLIAMSON, ALEX DENNIS, RASHAD BUGG BEY.(jf) (Entered: 09/01/2015) |
| 09/15/2015 | 20 | | MOTION to Dismiss *Second Amended Complaint*, MOTION to Stay re 19 Amended Complaint *Claims of Rashad Bugg Bey* by GOVERNMENT OF THE DISTRICT OF COLUMBIA, CATHY L. LANIER (Attachments: # 1 Exhibit Agnew Criminal Docket, # 2 Exhibit Bugg Bey Superior Court Complaint, # 3 Exhibit Bugg Bey Superior Court Civil Docket, # 4 Exhibit Dennis Criminal Docket, # 5 Exhibit Williamson Criminal Docket, # 6 Exhibit Council Committee Report)(Copeland, Chad) (Entered: 09/15/2015) |
| 10/02/2015 | 21 | | Memorandum in opposition to re 16 MOTION to Dismiss MOTION to Stay re 15 Amended Complaint filed by DARYL THOMAS AGNEW, ALEX DENNIS, RAYNEKA WILLIAMSON. (Attachments: # 1 Exhibit Committee Report, # 2 Exhibit ACLU testimony, # 3 Exhibit Bey SJ Opinion)(Claiborne, William) (Entered: 10/02/2015) |
| 10/02/2015 | 22 | | Consent MOTION to Dismiss by DARYL THOMAS AGNEW, RASHAD BUGG BEY, ALEX DENNIS, RAYNEKA WILLIAMSON (Attachments: # 1 Text of Proposed Order)(Claiborne, William) (Entered: 10/02/2015) |

| | | | |
|---|---|---|---|
| 10/05/2015 | 23 | | ORDER granting 22 Motion to Dismiss. It is hereby ORDERED that: Plaintiffs' claims in Counts 1 and 3 of 19 plaintiffs' Second Amended Complaint that relate to the First and Fourth Amendments are hereby dismissed without prejudice; counts 2, 4, and 5 are dismissed without prejudice; all claims against defendant Cathy L. Lanier are dismissed without prejudice; and plaintiff Rashad Bugg Bey is dismissed from this action. See Order for details. Signed by Judge Amy Berman Jackson on 10/5/2015. (lcabj3) (Entered: 10/05/2015) |
| 10/07/2015 | 24 | | Consent MOTION for Extension of Time to File *Reply* by GOVERNMENT OF THE DISTRICT OF COLUMBIA (Copeland, Chad) (Entered: 10/07/2015) |
| 10/08/2015 | | | MINUTE ORDER granting 24 defendant's Motion for Extension of Time to File a Reply to 21 plaintiffs' memorandum in opposition to ]16] defendant's motion to dismiss. Defendant's reply shall be filed no later than October 21, 2015. SO ORDERED. Signed by Judge Amy Berman Jackson on 10/8/2015. (lcabj3). (Entered: 10/08/2015) |
| 10/14/2015 | | | Set/Reset Deadlines: Defendant's Reply in Support of It's Motion to Dismiss is now due by 10/21/2015. (jth) (Entered: 10/14/2015) |
| 10/21/2015 | 25 | | REPLY to opposition to motion re 20 MOTION to Dismiss *Second Amended Complaint* MOTION to Stay re 19 Amended Complaint *Claims of Rashad Bugg Bey* filed by GOVERNMENT OF THE DISTRICT OF COLUMBIA, CATHY L. LANIER. (Copeland, Chad) (Entered: 10/21/2015) |
| 12/11/2015 | 26 | | NOTICE OF SUBSTITUTION OF COUNSEL by Caliandra Burstein on behalf of GOVERNMENT OF THE DISTRICT OF COLUMBIA Substituting for attorney Chad Copeland (Burstein, Caliandra) (Entered: 12/11/2015) |
| 07/05/2016 | | | MINUTE ORDER. Plaintiffs argue that the incomming statute is vague on its face. But plaintiffs Agnew and Dennis seem to allege that they did not violate the statute at all, and it is not clear to the Court whether they allege that the law is vague as it is applied to them. See, e.g., 19 2d Am. Compl. paras. 89, 100, 158. Defendants maintain that to raise a vagueness challenge under the Fifth Amendment to a statute that does not implicate constitutionally–protected activity, plaintiffs must demonstrate that the statute is vague as applied to them. See Holder v. Humanitarian Law Project, 561 U.S. 1, 20 (2010), quoting Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495 (1982). So plaintiffs shall file a supplemental pleading addressing the legal question of (1) whether the complaint must, and (2) whether the complaint does – even if plaintiffs maintain that it doesn't have to – state a claim that the incomming statute is vague as applied to the two of them. (The Court does not have questions about plaintiff Williamson at this time.) In addition, in light of the consent order which substantially narrowed the scope of this litigation, both parties shall address the question of whether Count I as it has been narrowed states a claim under section 1983, which, under Baker v. District of Columbia, 326 F.3d 1302 (D.C. Cir. 2000), requires a plaintiff to allege first, a predicate constitutional violation, and second, a claim that a custom or policy of the municipality caused the violation. Plaintiffs need to specify the particular constitutional violation that forms the basis for the claim in Count 1, and they must point to the specific paragraphs in the complaint that satisfy these elements given the number of paragraphs in the complaint that allege that the particular officer involved had difficulty controlling his temper and may have acted out of racial animus. See, e.g., 2d Am. Compl. paras. 90–92, 151–152. Both parties |

| | | | |
|---|---|---|---|
| | | | shall also address whether one can utilize section 1983 to bring a facial challenge to a statute at all, and whether these plaintiffs have standing to challenge the facial validity of the statute when they were arrested but not convicted. One pleading from each side shall be filed by July 25, 2016, and neither pleading shall exceed ten pages. SO ORDERED.Signed by Judge Amy Berman Jackson on 7/5/2016. (lcabj3) (Entered: 07/05/2016) |
| 07/12/2016 | 27 | | NOTICE OF SUBSTITUTION OF COUNSEL by Esther Yong on behalf of GOVERNMENT OF THE DISTRICT OF COLUMBIA Substituting for attorney Caliandra Burstein (Yong, Esther) (Entered: 07/12/2016) |
| 07/25/2016 | 28 | | NOTICE of Appearance by Gregory Martin Cumming on behalf of GOVERNMENT OF THE DISTRICT OF COLUMBIA (Cumming, Gregory) (Entered: 07/25/2016) |
| 07/25/2016 | 29 | | SUPPLEMENTAL MEMORANDUM to *In Response to Minute Order of July 5, 2016* filed by GOVERNMENT OF THE DISTRICT OF COLUMBIA. (Yong, Esther) (Entered: 07/25/2016) |
| 07/25/2016 | 30 | | SUPPLEMENTAL MEMORANDUM to re 21 Memorandum in Opposition, filed by DARYL THOMAS AGNEW, ALEX DENNIS, RAYNEKA WILLIAMSON. (Attachments: # 1 Exhibit informations charging named plaintiffs)(Claiborne, William) (Entered: 07/25/2016) |
| 08/04/2016 | | | Set/Reset Hearing: A Motions Hearing in this case is scheduled for Thursday, August 11, 2016, at 10:30 AM in Courtroom 3 before Judge Amy Berman Jackson. (jth) (Entered: 08/04/2016) |
| 08/11/2016 | | | Minute Entry for Proceedings held before Judge Amy Berman Jackson: Motion Hearing held on 8/11/2016 re: Defendants' 20 Motion to Dismiss *Second Amended Complaint*. The 20 Motion was Heard and Taken under Advisement. (Court Reporter: Janice Dickman) (jth) (Entered: 08/11/2016) |
| 08/16/2016 | 31 | | NOTICE *of intent to file motion to amend complaint* by DARYL THOMAS AGNEW, ALEX DENNIS, RAYNEKA WILLIAMSON (Claiborne, William) (Entered: 08/16/2016) |
| 08/17/2016 | 32 | | MOTION to Amend/Correct 19 Amended Complaint by DARYL THOMAS AGNEW, ALEX DENNIS, RAYNEKA WILLIAMSON (Attachments: # 1 Exhibit proposed Third Amended Complaint, # 2 Exhibit redlined proposed Third Amended Complaint, # 3 Text of Proposed Order)(Claiborne, William) (Entered: 08/17/2016) |
| 09/06/2016 | 33 | | Memorandum in opposition to re 32 MOTION to Amend/Correct 19 Amended Complaint filed by GOVERNMENT OF THE DISTRICT OF COLUMBIA. (Attachments: # 1 Text of Proposed Order)(Yong, Esther) (Entered: 09/06/2016) |
| 09/06/2016 | 34 | | ORDER. Plaintiff's 32 motion to file a Third Amended Complaint is GRANTED IN PART AND DENIED IN PART. Plaintiffs may file a Third Amended Complaint that includes only the allegations that are material to this case. See Fed. R. Civ. P. 8(a), 15(a)(2). Therefore, pursuant to Federal Rule of Civil Procedure 12(f), the allegations regarding Mr. Bey and Mr. Alexander are STRICKEN. Plaintiffs shall have until September 16, 2016 to file a revised Third Amended Complaint that comports with this Order by removing paragraphs 61 through 84, and renumbering the remaining allegations. Defendant shall answer |

| | | |
|---|---|---|
| | | or otherwise respond to the Third Amended Complaint by September 30, 2016. It is FURTHER ORDERED that, in light of the Third Amended Complaint, defendant's 20 motion to dismiss the Second Amended Complaint is DENIED AS MOOT. SO ORDERED. Signed by Judge Amy Berman Jackson on 9/6/2016. (lcabj3) (Entered: 09/06/2016) |
| 09/07/2016 | 35 | AMENDED COMPLAINT *Third* against GOVERNMENT OF THE DISTRICT OF COLUMBIA with Jury Demand filed by DARYL THOMAS AGNEW, RAYNEKA WILLIAMSON, ALEX DENNIS.(Claiborne, William) (Entered: 09/07/2016) |
| 09/07/2016 | | Set/Reset Deadlines: Defendant shall answer or otherwise respond to the Third Amended Complaint by 9/30/2016. (jth) (Entered: 09/07/2016) |
| 09/28/2016 | 36 | Consent MOTION for Extension of Time to File Answer re 35 Amended Complaint by GOVERNMENT OF THE DISTRICT OF COLUMBIA (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Cumming, Gregory) (Entered: 09/28/2016) |
| 09/30/2016 | | MINUTE ORDER granting defendant's 36 consent motion for an extension of time to answer. Defendant shall answer or otherwise respond to the 35 Third Amended Complaint by October 14, 2016. SO ORDERED. Signed by Judge Amy Berman Jackson on 9/30/2016. (lcabj3) (Entered: 09/30/2016) |
| 10/14/2016 | 37 | MOTION to Dismiss *Third Amended Complaint* by GOVERNMENT OF THE DISTRICT OF COLUMBIA (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Exhibit A)(Cumming, Gregory) (Entered: 10/14/2016) |
| 10/20/2016 | 38 | Consent MOTION for Extension of Time to *file opposition to DEFENDANTS' motion to dismiss* by DARYL THOMAS AGNEW, ALEX DENNIS, RAYNEKA WILLIAMSON (Attachments: # 1 Text of Proposed Order)(Claiborne, William) (Entered: 10/20/2016) |
| 10/21/2016 | | MINUTE ORDER granting plaintiffs' 38 consent motion for an extension of time. Plaintiffs shall oppose the 37 motion to dismiss by December 5, 2016. Defendant shall reply by December 16, 2016. SO ORDERED. Signed by Judge Amy Berman Jackson on 10/21/2016.(lcabj3) (Entered: 10/21/2016) |
| 12/05/2016 | 39 | Consent MOTION for Extension of Time to File Response/Reply as to 37 MOTION to Dismiss *Third Amended Complaint* by DARYL THOMAS AGNEW, ALEX DENNIS, RAYNEKA WILLIAMSON (Attachments: # 1 Text of Proposed Order)(Claiborne, William) (Entered: 12/05/2016) |
| 12/05/2016 | | MINUTE ORDER granting plaintiffs' 39 consent motion for an extension of time. Plaintiffs shall respond to the 37 motion to dismiss by December 7, 2016, and the government shall file its reply, if any, by December 20, 2016. SO ORDERED. Signed by Judge Amy Berman Jackson on 12/5/2016. (lcabj3) (Entered: 12/05/2016) |
| 12/05/2016 | | Set/Reset Deadlines: Response to Dispositive Motion due by 12/7/2016; Reply, if any, due by 12/20/2016. (tg) (Entered: 12/06/2016) |
| 12/07/2016 | 40 | Memorandum in opposition to re 37 MOTION to Dismiss *Third Amended Complaint* filed by DARYL THOMAS AGNEW, ALEX DENNIS, RAYNEKA WILLIAMSON. (Claiborne, William) (Entered: 12/07/2016) |

| 12/20/2016 | 41 |    | REPLY to opposition to motion re 37 MOTION to Dismiss *Third Amended Complaint* filed by GOVERNMENT OF THE DISTRICT OF COLUMBIA. (Cumming, Gregory) (Entered: 12/20/2016) |
|------------|----|----|------------|
| 06/26/2017 | 42 | 13 | ORDER. Pursuant to Federal Rules of Civil Procedure 12 and 58, and for the reasons stated in the accompanying memorandum opinion, defendant's 37 motion to dismiss is GRANTED. See Order for details. SO ORDERED. Signed by Judge Amy Berman Jackson on 6/26/2017. (lcabj3) (Entered: 06/26/2017) |
| 06/26/2017 | 43 | 14 | MEMORANDUM OPINION. Signed by Judge Amy Berman Jackson on 6/26/2017. (lcabj3) (Entered: 06/26/2017) |
| 07/25/2017 | 44 | 11 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 42 Order on Motion to Dismiss, by DARYL THOMAS AGNEW, ALEX DENNIS, RAYNEKA WILLIAMSON. Filing fee $ 505, receipt number 0090–5047443. Fee Status: Fee Paid. Parties have been notified. (Claiborne, William) (Entered: 07/25/2017) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DARYL THOMAS AGNEW**<br>4223 Brooks Street, NE,<br>Washington DC 20019<br><br>and<br><br>**ALEX  DENNIS**<br>3130 Buena Vista Terrace, SE<br>Apt. 1<br>Washington, DC 20020<br><br>and<br><br>**RAYNEKA WILLIAMSON**<br>425 2d Street, NE<br>Washington, DC<br><br>Plaintiffs<br><br>    v.<br><br>**GOVERNMENT OF THE DISTRICT OF COLUMBIA**<br><br>Defendant | **Civil Action No.: 15-340 (ABJ)** |

**Civil Notice of Appeal**

Notice is hereby given this 25th day of July, 2017 that Plaintiffs Darryl Thomas Agnew, Alex Dennis, and Rayneka mmm Williams, on behalf of themselves and all others similarly situated, hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from the judgment of the Court entered June 26, 2017 [Document # 42] in favor of the defendant, government of the District of Columbia, against said  plaintiffs.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ William Claiborne<br>WILLIAM CLAIBORNE | /s/ Lynn E.  Cunningham<br>Lynn E. Cunningham,  Esq. |

| | |
|---|---|
| D.C. Bar # 446579 | DC Bar# 221598 |
| Counsel for plaintiffs and the classes<br>*2020* Pennsylvania Ave, NW<br>#395<br>Washington, DC *20006*<br>Phone 202/824-0700<br>Email claibomelaw@gmail.com | Counsel for plaintiffs and the classes<br>306 Westview Drive,<br>Dubois, WY  82513<br>Phone:  307-431-4158<br>Email: lcunningham@law.gwu.edu |

Respectfully submitted,


/s/ Michael Bruckheim
MICHAEL BRUCKHEIM
D.C. Bar # 455192.

Counsel for Named Plaintiffs
and the Classes

1 Church St
# 910
Rockville, MD 20850
Phone (240) 753-8222

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| DARYL THOMAS AGNEW, *et al.*,                     ) | |
|                                                                       ) | |
|                               Plaintiffs,            ) | |
|                                                                       ) | |
|          v.                                                    )          Civil Action No. 15-0340 (ABJ) | |
|                                                                       ) | |
| GOVERNMENT OF THE                            ) | |
| DISTRICT OF COLUMBIA,                         ) | |
|                                                                       ) | |
|                               Defendant.            ) | |
| _____ ) | |

## ORDER

Pursuant to Federal Rules of Civil Procedure 12 and 58, and for the reasons stated in the accompanying memorandum opinion, it is hereby

**ORDERED** that defendant's motion to dismiss the third amended complaint [Dkt. # 37] is **GRANTED**.

This is a final appealable order.

**SO ORDERED**.

_____
AMY BERMAN JACKSON
United States District Judge

DATE:  June 26, 2017

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
)
DARYL THOMAS AGNEW, *et al.*,     )
                               )
          Plaintiffs,    )
                               )
        v.            )     Civil Action No. 15-0340 (ABJ)
                               )
GOVERNMENT OF THE      )
DISTRICT OF COLUMBIA,     )
                               )
          Defendant.    )
_____)

## MEMORANDUM OPINION

Plaintiffs Daryl Thomas Agnew, Alex Dennis, and Rayneka Williamson have brought this lawsuit against the District of Columbia to challenge their arrests and subsequent prosecutions. 3d Am. Compl. [Dkt. # 35]. Plaintiffs challenge the legality of D.C. Code § 22-1307(a), known as the "incommoding statute," arguing that the statute is unconstitutionally vague because it allows and encourages arbitrary and discriminatory enforcement. *Id.* ¶¶ 1, 2. The statute makes it unlawful for a person or group of people:

   (1)    To crowd, obstruct, or incommode:

        (A)    The use of any street, avenue, alley, road, highway, or sidewalk;

        (B)    The entrance of any public or private building or enclosure;

        (C)    The use of or passage through any public building or public conveyance; or

        (D)    The passage through or within any park or reservation; and

   (2)    To continue or resume the crowding, obstructing, or incommoding after being instructed by a law enforcement officer to cease the crowding, obstructing, or incommoding.

D.C. Code § 22-1307(a).

Plaintiffs argue that the statute is both unconstitutional and unwise as a matter of policy. At one time, plaintiffs argued, with some force, that the language of the statute does not provide members of the community with adequate notice of what conduct it prohibits. *See* Pls.' Opp. to Def.'s Mot. to Dismiss [Dkt. # 21] at 19–24. But with the third amended complaint and the briefing on the instant motion, plaintiffs have made clear that they are not bringing a notice case. 3d Am. Compl. ¶ 2. Plaintiffs are only alleging that the statute is unconstitutionally vague because it is subject to arbitrary and discriminatory enforcement. *Id*. A review of Supreme Court precedent makes it clear that a statute is invalid on that basis if it contains a term that defines what is prohibited in terms of the officer's subjective judgment. Here, no such term appears in the statute, so this limited challenge to the statute will be dismissed.

## BACKGROUND

### I.   Procedural History

Plaintiffs Daryl Thomas Agnew and Rashad Bugg Bey originally filed this action on March 9, 2015 against the District of Columbia and the former Chief of Police, Cathy Lanier. Compl. [Dkt. # 1]. After defendants moved to dismiss that complaint, plaintiffs filed an amended complaint, adding Dennis and Williamson as plaintiffs to the action. *See* Mot. to Dismiss [Dkt. # 12]; Am. Compl. [Dkt. # 15]; *see also* Min. Order (Aug. 17, 2015). Defendants moved to dismiss the amended complaint. Mot. to Dismiss [Dkt. # 16]. In response to the motion to dismiss, plaintiffs filed an unopposed motion to amend the complaint again, to "strip away" claims that plaintiffs decided not to pursue, and to allege certain facts with "greater precision." Unopposed Mot. for Leave to Am. First Am. Compl. & to File 2d Am. Compl. [Dkt. # 18] at 1–2. The Court granted the motion, and the second amended complaint was docketed on August 31, 2015. Min. Order (Aug. 31, 2015); 2d Am. Compl. [Dkt. # 19].

2

Defendants moved to dismiss the second amended complaint in part, and they also requested a stay of plaintiff Bey's claims while similar claims were pursued in Superior Court. Defs.' Mot. to Dismiss Pls.' 2d Am. Compl. or, in the Alternative, Stay and Dismiss [Dkt. # 20]. Plaintiffs opposed the motion in part, and they also filed a consent motion to dismiss certain claims; they dismissed all claims brought by plaintiff Bey and all claims brought against the Chief of Police. *See* Order (Oct. 5, 2015) [Dkt. # 23].

On August 11, 2016, the Court held a hearing on the motion to dismiss the second amended complaint. Min. Entry (Aug. 11, 2016). After the hearing, plaintiffs moved to amend their complaint again. Pls.' Mot. for Leave to Am. 2d Am. Compl. & File 3d Am. Compl. [Dkt. # 32]. According to plaintiffs, the proposed third amended complaint once again "strips away" allegations relating to claims and parties that had previously been dismissed, states the factual allegations "with greater precision," and it "clarifies that [plaintiffs] only claim is that the District's 'incommoding' statute is facially unconstitutional under the second prong of the vagueness doctrine, the arbitrary and discriminatory enforcement prong." *Id.* at 3. The Court granted the motion in part; it allowed plaintiffs to make the changes described in the motion, but it did not permit plaintiffs to add allegations related to two other people who were not previously named as plaintiffs in the matter. Order (Sept. 6, 2016) [Dkt. # 34].

In the third amended complaint, plaintiffs bring claims against the District of Columbia under 42 U.S.C. § 1983 for violating their constitutional rights by arresting them under the incommoding statute (Count I), and for prosecuting them under the incommoding statute (Count II). 3d Am. Compl. ¶¶ 130–40. The third amended complaint also purports to bring class action allegations under section 1983 on behalf of all persons arrested for violating the incommoding statute, and all persons prosecuted under that provision. *Id.* ¶¶ 141–54. On behalf of the putative

classes, plaintiffs demand a declaratory judgment that the incommoding statute is unconstitutionally vague under the Fifth Amendment.  *Id.* at 24.

The District moved to dismiss the third amended complaint under Rule 12(b)(6).  Def.'s Mot. to Dismiss Pls.' 3d Am. Compl. [Dkt. # 37] ("Def.'s Mot."); Def.'s Mem. in Supp. of Def.'s Mot. [Dkt. # 37] ("Def.'s Mem.").  Plaintiffs oppose the motion, Pls.' Opp. to Def.'s Mot. [Dkt. # 40] ("Pls.' Opp."), and the District has replied in support of its motion.  Def.'s Reply in Supp. of Def.'s Mot. [Dkt. # 41] ("Def.'s Reply").

## II.    Factual Background

The third amended complaint includes the following facts, accepted as true for purposes of this motion, related only to the alleged vagueness of the incommoding statute:

### A.    The arrest and prosecution of plaintiff Agnew

Plaintiff Agnew's "contact with [the Metropolitan Police Department] began [at] about 6:00 pm on Christmas Eve when he and the mother of his child and a friend were enjoying the evening air on the stoop of the child's mother's building at 3146 Buena Vista Terrace, SE in Washington, DC."  3d Am. Compl. ¶ 61.  Agnew asserts that "the way was clear for pedestrians to come and go around them, and many people were in fact coming and going around them because it was Christmas Eve."  *Id.* ¶¶ 68–69.

A police officer "shattered" the "pleasant scene" when he "rolled up" in his police vehicle and yelled in a "furious manner . . . at Mr. Agnew and the others to leave."  3d Am. Compl. ¶ 65. After Agnew protested that he "had every right to be there," he was arrested for violating the incommoding statute.  *Id.* ¶¶ 69, 73.  The police report in Agnew's case claimed that "[b]oth of the males were standing in a manner that would cause a citizen or citizens trying to utilize the walkway to deviate from their path of walking."  *Id.* ¶ 63.  When Agnew appeared for trial, the case was dismissed for want of prosecution.  *Id.* ¶ 80.

4

### B.       The arrest and prosecution of plaintiff Dennis

According to the complaint, plaintiff Alex Dennis stepped outside of his apartment building located at 3130 Buena Vista Terrace, SE in the midst of preparing a Thanksgiving celebration on November 26, 2014.  3d Am. Compl. ¶ 81.  Plaintiffs allege that Dennis "was standing in the yard on a ramp a few feet in front of the porch to his apartment building" where "the way was clear for pedestrians to come and go," "[n]o one was trying to come up the ramp;" and "[i]f someone had come by, Mr. Dennis would have moved."  *Id.* ¶¶ 81–85.  But Dennis's "holiday spirit vanished" when an MPD officer "rolled up in his police cruiser and in a furious manner yelled at Mr. Dennis and another man to leave."  *Id.* ¶ 87.  Dennis refused to move, and asked the officer, "[h]ow can you tell me to move from the place where I live at [sic]?"  *Id.* ¶ 93.  Dennis was arrested for incommoding, but the charges were later dismissed for want of prosecution.  *Id.* ¶¶ 95, 104.

Plaintiffs allege that it was the same police officer who arrested Dennis and Agnew.  3d Am. Compl. ¶¶ 67, 90.  The complaint states that the particular officer "is known for having a quick temper that seems to control him," and that the officer "is known to have arrested several other young black men in the area for incommoding."  *Id.* ¶¶ 88–89.

### C.       The arrest and prosecution of plaintiff Williamson

On February 4, 2015, at approximately 3:50 in the afternoon, a police officer asked plaintiff "Williamson to move from where she was standing on the sidewalk at 2403 Martin Luther King, Jr. Ave., S.E. because, as his police report reads, he observed her standing in front of the location 'disrupting the smooth flow of pedestrian traffic.'"  3d Am. Compl. ¶ 106.  About a half an hour later, the officer arrested Williamson for incommoding after "he observed pedestrians having to maneuver around her to get by on the sidewalk, and because merchants were complaining about her in the area."  *Id.* ¶ 117.  The charges against Williamson were also ultimately dismissed for want of prosecution.  *Id.* ¶ 129.

5

**STANDARD OF REVIEW**

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*:  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.* at 678–79.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678, citing *Twombly*, 550 U.S. at 556.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*, quoting *Twombly*, 550 U.S. at 556.  A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.*, quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*, citing *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss under Rule 12(b)(6), the Court is bound to construe a complaint liberally in the plaintiff's favor, and it should grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged."  *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.  *See id.*; *see also Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily

6

consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

### ANALYSIS

Plaintiffs' claims are brought under 42 U.S.C. § 1983, which creates a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom or usage . . . subjects . . . any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983; *see Pitt v. District of Columbia*, 491 F.3d 494, 510 (D.C. Cir. 2007). The term "person" in section 1983 includes municipalities, such as the District of Columbia, but a municipality cannot be held liable under section 1983 "*solely* because it employs a tortfeasor – in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). To maintain a section 1983 action against the District of Columbia, then, plaintiffs must allege a predicate violation of some constitutional right, and allege facts that would show that a custom or policy of the District of Columbia was the "moving force" behind the alleged constitutional

violation.  *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003), citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989).[1]

So the first question to be resolved is whether plaintiffs have alleged a predicate constitutional violation.[2]  Because the Court finds that the statute is not impermissibly vague because it gives rise to arbitrary and discriminatory enforcement, it need not consider whether a

---

1      As the D.C. Circuit has explained:

> This circuit has identified several ways in which a plaintiff may allege a municipal policy or custom.  Specifically, she may point to (1) "the explicit setting of a policy by the government that violates the Constitution," (2) "the action of a policy maker within the government," (3) "the adoption through a knowing failure to act by a policy maker of actions by his subordinates that are so consistent that they have become 'custom,'" or (4) "the failure of the government to respond to a need (for example, training of employees) in such a manner as to show 'deliberate indifference' to the risk that not addressing the need will result in constitutional violations."

*Blue v. District of Columbia*, 811 F.3d 14, 18–19 (D.C. Cir. 2015), quoting *Baker*, 326 F.3d at 1306.

2      Because none of the plaintiffs were ultimately prosecuted, it is unclear how, even if plaintiffs could allege a section 1983 violation based on their arrests, defendant could be liable for unlawfully prosecuting the plaintiffs.  *See* 3d Am. Compl. ¶¶ 131–37; *Amobi v. District of Columbia Dep't of Corr.*, 755 F.3d 980, 992 (D.C. Cir. 2014) (to state a claim for malicious prosecution, a plaintiff must show that a criminal proceeding was instituted, that the proceeding terminated in plaintiff's favor, that there was no probable cause for the prosecution, and that the government acted with malice, or with a primary purpose other than that of bringing an offender to justice), quoting *DeWitt v. District of Columbia*, 43 A.3d 291, 296 (D.C. 2012).  So Count II could be dismissed on that basis alone.

District of Columbia custom or policy was the "moving force" behind any alleged constitutional violation.[3]

I.      **Plaintiffs do not need to show that the statute is unconstitutional as applied to their conduct.**

Traditionally, to succeed on a facial vagueness challenge, a plaintiff had to show that "the enactment [was] impermissibly vague in all of its applications." *U.S. Telecom Ass'n v. FCC*, 825 F.3d 674, 735 (D.C. Cir. 2016), quoting *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982). That rule was grounded in the notion that a "plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18–19 (2010), quoting *Hoffman*, 455 U.S. at 495. The Supreme Court, however, recently expressed some skepticism about that framework, noting that its prior holdings "squarely contradict the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp." *Johnson v. United States*, 135 S. Ct. 2551, 2561 (2015).

More important, after the instant motion had been briefed, the D.C. Circuit held that the guidance set forth in *Humanitarian Law Project* does not apply to a vagueness challenge to a statute premised on the argument that the statute encourages arbitrary and discriminatory enforcement. *See Act Now to Stop War & End Racism Coal. (ANSWER) v. District of Columbia*, 846 F.3d 391, 410 (D.C. Cir. 2017). The plaintiffs in *ANSWER* brought a facial First Amendment

---

3       Because the Court concludes that there has been no constitutional violation, it need not address whether a custom or practice of the municipality caused the alleged violation. But plaintiffs Agnew and Dennis specifically allege that they were arrested by a particular officer, who has "a quick temper that seems to control him," and who "is known to have arrested several other young black men in the area for incommoding." *See* 3d Am. Compl. ¶¶ 66–67, 70, 88–90. So, while the Court need not reach the issue, it questions whether plaintiffs have adequately alleged that it was a District of Columbia policy or custom that was the "moving force" behind their arrests, or whether it was a particular officer's alleged racial animus or uncontrolled temper.

9

challenge to a restriction on the amount of time that "a sign relating to an event" may remain on a public lamppost.  *Id.* at 396.  The Court of Appeals rejected the District's argument that the plaintiffs' facial challenge must fail because they had not established that as as-applied challenge would be successful.  *Id.* at 409–10.  The Court noted:  "it is not apparent how the *Humanitarian Law Project* rule – barring a person to whom a legal provision clearly applies from challenging its facial failure to give sufficient notice to others – could apply to a claim that a law is so vague as to fail to guide the government's enforcement discretion."  *Id.* at 410.  So the Court need not address whether the incommoding statute is unconstitutional as applied to plaintiffs; it need only address whether the incommoding statute is facially unconstitutional.

## II.     The incommoding statute is not facially unconstitutional, so plaintiffs have not alleged a predicate constitutional violation.

The Due Process Clause "prohibits the Government from taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement."  *Beckles v. United States*, 137 S. Ct. 886, 892 (2017), quoting *Johnson*, 135 S. Ct. at 2556; *see also Skilling v. United States*, 561 U.S. 358, 402–03 (2000), quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).  The Supreme Court has explained that "the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."  *Kolender*, 461 U.S. at 357.  Plaintiffs' third amended complaint focuses on the second prong of that doctrine.

"What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is."  *United States v. Williams*, 553 U.S. 285, 306 (2008).

The Supreme Court has explained that if a statute requires "wholly subjective judgments without statutory definitions, narrowing context, or settled legal meanings," courts may find the statute to be unconstitutionally vague on the grounds that it encourages arbitrary and discriminatory enforcement. *Id.*

Plaintiffs argue that the incommoding statute vests unfettered discretion in the hands of police officers, and they point to *City of Chicago v. Morales*, 527 U.S. 41 (1999) to support their theory. *See* Pls.' Opp. at 9–15 (summarizing and commenting on *Morales*). In that case, the Supreme Court struck down a "Gang Congregation Ordinance" which prohibited "'criminal street gang members' from 'loitering' with one another or with other persons in any public place." *Morales*, 527 U.S. at 45–46. As the Supreme Court observed, to charge someone with a violation of that ordinance:

> First, the police officer must reasonably believe that at least one of the two or more persons present in a "public place" is a "criminal street gang membe[r]." Second, the persons must be "loitering," which the ordinance defines as "remain[ing] in any one place with no apparent purpose." Third, the officer must then order "all" of the persons to disperse and remove themselves "from the area." Fourth, a person must disobey the officer's order.

11

*Id.* at 47.  A plurality of the Supreme Court found that the Chicago ordinance was subject to a facial challenge because it had "no *mens rea* requirement, [it] infringe[d] on constitutionally protected rights," and because "vagueness permeate[d] the text." *Morales*, 527 U.S. at 55.[4]

In particular, a plurality of the Court found the definition of the term "loiter" in the Chicago ordinance to be impermissibly vague:  "[T]he vagueness that dooms this ordinance is not the product of uncertainty about the normal meaning of 'loitering,' but rather about what loitering is covered by the ordinance and what is not," because "loiter" was defined as remaining in one place "with no apparent purpose." *Morales*, 527 U.S. at 53, 57.

Similarly, in *Kolender v. Lawson*, the Supreme Court struck down a California statute that required those who "loiter or wander on the streets" to present, when asked, a "credible and reliable" identification to a police officer.   461 U.S. at 353.   The Court found that the law "contain[ed] no standard for determining what a suspect has to do in order to satisfy the requirement to provide a 'credible and reliable' identification." *Id.* at 358.   Since the statute "vest[ed] virtually complete discretion in the hands of the police to determine whether the suspect ha[d] satisfied the statute" by producing an identification that was "credible and reliable," the

---

4      Plaintiffs argue that an "additional, independent, reason for denying the defendant's motion to dismiss" is the fact "that the incommoding statute violates due process because it lacks an appropriate *mens rea* requirement on each element." Pls.' Opp. at 1, 41–42, citing *Elonis v. United States*, 135 S. Ct. 2001, 2011 (2015).  But *Elonis* does not stand for the proposition that a plaintiff's due process rights are violated whenever a criminal statute is silent on a *mens rea* requirement.  To the contrary, the Supreme Court in *Elonis* found that a court can read a *mens rea* requirement into a statute to "separate wrongful conduct from otherwise innocent conduct." *Elonis*, 135 S. Ct. at 2010, quoting *Carter v. United States*, 530 U.S. 255, 269 (2000).  The Court in *Elonis* was faced with a statute prohibiting threats communicated over the internet.  While the statute did not specify a *mens rea* requirement, the Supreme Court held that, in order to be convicted of violating the statute, the defendant must have had the mental state to know that his communication contained a threat.  *Id.* at 2011.

Court concluded that the loitering statute was unconstitutionally vague under the arbitrary and discriminatory enforcement prong.  *Id.*

The lesson to be drawn from this precedent is that the critical factor in a facial challenge based on a risk of arbitrary and discriminatory enforcement is whether the statute is drafted in such a manner that it necessarily vests the determination of whether the law has been violated upon a purely subjective judgment.  *See Coates v. Cincinnati*, 402 U.S. 611, 614 (1971) (striking down a Cincinnati ordinance that proscribed "three or more persons" from "assembling . . . on any of the sidewalks . . . and there conduct themselves in a manner annoying to persons passing by," because "[c]onduct that annoys some people does not annoy others," so "no standard of conduct is specified at all"); *Armstrong v. D.C. Pub. Library*, 154 F. Supp. 2d 67, 77–78 (D.D.C. 2001) (striking down the District of Columbia Public Library's appearance regulation, which allowed library personnel to refuse entry to patrons with an "objectionable appearance," because the regulation depended "only upon subjective interpretation of the term 'objectionable'").

But that concern is not present in this case, because a violation of the D.C. Code provision does not depend upon an element that can vary with the eye of the beholder such as "with no apparent purpose."  The problem in *Morales* was that the city of Chicago had added a subjective gloss to the normal meaning of the word "loiter" when it drafted the ordinance.  But here, the statute does not specifically define the words "crowd," "obstruct," and "incommode;" the applicability of the statute turns on whether an individual is in fact crowding, obstructing, or incommoding the use of a sidewalk or entryway as those terms are ordinarily understood, and whether that individual in fact ignores a police officer's instruction to stop.  Thus, the statutory terms are not subject to "subjective judgments," *see Williams,* 553 U.S. at 306,  *Morales,* 527 U.S.

at 62, and therefore, the statute does not <u>on its face</u> (which is the sole challenge here) specifically authorize or encourage discriminatory enforcement.[5]

It is true that an individual officer's enforcement discretion may be unlawfully tainted by racial animus in a particular case, but the fact that police officers have enforcement discretion – as they do under all provisions – does not render the statute itself to be unconstitutionally vague.  *See ANSWER*, 846 F.3d at 412 ("Ostensible vagueness about 'whether the incriminating fact . . . has

---

[5]     Perusing the dictionary would not change the outcome of this decision.  "Crowd" is defined as "to press towards a common center, to gather or congregate closely so as to press upon one another; to come or assemble in large numbers or crowds; to flock; throng." Oxford English Dictionary,                  http://www.oxforddictionaries.com/us/definition/american_english/crowd. "Obstruct" is defined as "to block or impede passage along or through (an opening, thoroughfare, waterway, etc.); to place or be an obstacle in; to render impassable or difficult of passage."  Oxford English Dictionary, http:// www.oed.com/view/Entry/129983.  "Incommode" is defined to mean, among other things, obstruct or impede. Oxford English Dictionary, http:// www.oed.com/view/ Entry/93672.  All of these refer to objective, observable actions.

It could be argued that the use of the somewhat dated word, "incommode," which appeared in the predecessor statute, would be problematical if it stood alone, because the definition also includes more subjective alternatives, such as to "subject to inconvenience or discomfort" or to "annoy."  *Id.*  But its presence in the series, "to crowd, obstruct, or incommode" adds clarification. As the Supreme Court explained in *McDonnell v. United States,* when choosing between competing definitions, "we look to the context in which the words appear." 136 S. Ct. 2355, 2368 (2016).  "Under the familiar interpretive canon noscitur a sociis, 'a word is known for the company it keeps.'" *Id.*, quoting *Jarecki v. G.D. Searle & Co.,* 367 U.S. 303, 307 (1961).  The D.C. Circuit applied the same "longstanding principle" when confronted with a federal law that made it unlawful to "make a harangue or oration" at the Supreme Court:  "we are interpreting a statute, not restating a dictionary.  Our search here is not for every facet of 'harangue' or 'oration,' but their meaning within the statute at issue." *United States v. Bronstein*, 849 F.3d 1101, 1108 (D.C. Cir. 2017), citing *Jarecki*, 367 U.S. at 307; *see also Valdes v. United States,* 475 F. 3d 1319, 1323 (D.C. Cir 2007) (relying on the canon of noscitur a sociis).

been proved' is not vagueness at all."), quoting *Williams*, 553 U.S. at 306.[6]  The legal test is whether license to discriminate has been baked into the statute.

Because the Court concludes that the incommoding statute does not contain the subjective element that would invalidate it on the grounds that it invites arbitrary enforcement on its face – which is the sole challenge being presented here – plaintiffs have not alleged the predicate constitutional violation necessary to give rise to section 1983 liability.  Therefore, their most recent complaint must be dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the complaint for failure to state a claim will be granted.[7]

A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE:  June 26, 2017

---

6      Plaintiffs argue in their opposition that the statute is impermissibly vague because it lacks a *mens rea* requirement.  *See* Pls.' Opp. at 28–30.  It is true that the concern that a statute "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits" can be "ameliorated" when the statute contains a *mens rea* standard.  *Hill v. Colorado*, 530 U.S. 703, 732 (2000).  But the concern raised by the Court in *Hill* is not present in this case because plaintiffs have only claimed that the statute leads to arbitrary and discriminatory enforcement; they have abandoned their claim that the statute fails to provide fair notice.  *See* 3d Am. Compl. ¶ 2.

7      Plaintiffs' class action claim is therefore also dismissed, because named plaintiffs in a class action "'must allege and show that they have personally been injured, not that injury has been suffered by other, unidentified members of the class to which they belong'" to have standing to bring a claim on behalf of a class.  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 n.6 (2016), quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40, n.20 (1976).